IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                            )
                                  )    Chapter 7
MARC E. GABRIELSON,               )
                                  )    Bankruptcy No. 11-00969
    Debtor.                       )
                                  )

**ORDER ON: REAFFIRMATION AGREEMENTS**

This matter came before the Court for hearing on Debtor's six (6) Reaffirmation Agreements with Creditor Northwest Bank.  Attorney Bruce Erusha appeared for Debtor Marc Gabrielson.  The Court took this matter under advisement. On November 9, 2011, Debtor rescinded four (4) of the six (6) Reaffirmation Agreements.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

**STATEMENT OF THE CASE**

Debtor seeks to reaffirm his debt obligation for the first and second mortgage on his residence.  Debtor was represented by counsel at hearing.  However, Debtor's counsel did not complete the Attorney Certification and did not represent Debtor during the course of the Agreements' negotiations.  There is no presumption of undue hardship in this case.  Debtor has a monthly income of $7,241.00 and

1

monthly expenses totaling $7,205.71, which includes the two proposed Reaffirmation Agreements. This results in a monthly surplus of $35.28. At hearing, Debtor stated that he was not pressured by the bank to enter into the Agreements and that he fully understood the consequences of entering into the Agreements.

## CONCLUSIONS OF LAW AND ANALYSIS

A debtor may voluntarily agree in writing to repay, or reaffirm, a debt that would be dischargeable in bankruptcy. 11 U.S.C. § 524. Section 524(c) governs the enforceability of a reaffirmation agreement between the debtor and creditor.

> The elements of a valid reaffirmation agreement are: (1) the debtor must enter into a reaffirmation agreement prior to discharge and file the agreement with the court; (2) the agreement must clearly and conspicuously state that the debtor may rescind the agreement prior to discharge or within sixty (60) days after the agreement is filed with the court, whichever is later; (3) the agreement is accompanied by an affidavit of the debtor's attorney, if the debtor is represented, with a declaration that the agreement is an informed and voluntary agreement by the debtor and that the reaffirmed debt does not impose an undue hardship; (4) the debtor has not rescinded the agreement at the time of discharge or within sixty (60) days after it is filed with the court; and (5) compliance with the procedural requirements of § 524(d).

In re Lindley, 216 B.R. 811, 815–16 (Bankr. N.D. Ill. 1998) (quoting In re Walker, 180 B.R. 834, 846 n.20 (Bankr. W.D. La. 1995)).

The Code imposes an additional requirement where the debtor is not represented by an attorney:

2

> [I]n a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement . . . [the agreement is only enforceable if] the court approves such agreement as -- (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and (ii) in the best interest of the debtor.

11 U.S.C. § 524(c)(6)(A).   However, the Court is not required to make this assessment "to the extent that such debt is a consumer debt secured by real property."   11 U.S.C. § 524(c)(6)(B).   Mortgages on a home are consumer debts. See 11 U.S.C. § 101(8); In re Praleikas, 248 B.R. 140, 144–45 (Bankr. W.D. Mo. 2000) (stating that the "overwhelming majority" of courts consider both first and second mortgages consumer debts).

Here, Debtor rescinded all of his proposed Reaffirmation Agreements except the first and second mortgages on his home, which are "consumer debts secured by real property."   Thus, the Court is not required to approve the two remaining Reaffirmation Agreements. See In re Phelan, 257 B.R. 776, 777 (Bankr. E.D. Va. 2000) ("Because the reaffirmation agreements cover consumer debts that appear to be fully secured, this court's approval or disapproval is not required."); In re Law, 421 B.R. 735, 738 (Bankr. W.D. Pa. 2010) (concluding that the reaffirmation agreement for a home mortgage was enforceable despite the court's concern that it was not in the best interest of the debtor).   Even if approval were required here, the Court would approve the proposed Reaffirmation Agreements.

3

**IT IS ORDERED** that Reaffirmation Agreement #47 between Debtor and Northwest Bank is APPROVED .

**IT IS ORDERED** that Reaffirmation Agreement #48 between Debtor and Northwest Bank is APPROVED .

Dated and Entered:
February 27, 2012

_____
Thad J. Collins
Chief Bankruptcy Judge